(95 Misc. Rep. 623)

### ZABLUDOWSKY v. GOTTFRIED.

(Supreme Court, Appellate Term, First Department.　June 28, 1916.)

ACCORD AND SATISFACTION ☞12(1)—NEW AGREEMENT—SUFFICIENCY—EFFECT.
　　Where plaintiff sold his share of business for $2,500, of which $1,500 was represented by three notes, and before maturity of the first note accepted $500, surrendered all the notes, and gave receipt in full, *held*, there was accord and satisfaction, in bar of plaintiff's recovery of the balance of the purchase price.

　　[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 92; Dec. Dig. ☞12(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by David Zabludowsky against Benjamin Gottfried. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Goldstein & Goldstein, of New York City (Abraham Lipton, of New York City, of counsel), for appellant.

Charles S. Rosenberg, of New York City, for respondent.

PHILBIN, J.　The parties entered into a dissolution agreement in writing whereby the plaintiff sold to the defendant his interest in the business for $2,500, payable $1,000 in cash, and $1,500 in three promissory notes, of $500 each, payable on May 1 and September 2, 1915, and January 1, 1916, respectively. On April 26, 1916, or shortly before the first note matured, the plaintiff accepted $500 from the defendant and surrendered all the notes. He also gave defendant a receipt for "payment in full for all claims up to date and have no further claims of any kind. New York, April 26, 1915."

The plaintiff now sues for the balance of $1,000, and the defendant claims accord and satisfaction, and that the acceptance by the plaintiff of the payment of $500 before the debt became due, his surrender of the notes, and the execution and delivery of the receipt in full were a bar to an action for any further sum. It must be so held. The parties entered into a new agreement, wherein the defendant bound himself to pay $500 immediately, which, under the original contract, he was not bound to do, and the payment was made accordingly. The plaintiff on his part agreed to forgive the entire debt upon such immediate payment of part thereof. The new agreement was in all respects valid, and was a good accord and satisfaction.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.